# JEFFREY M. BISCHOFF
86 Park Avenue, Emerson, New Jersey 07630 • 201-523-0121 • cjbisch@verizon.net

---

September 10, 2024

United States District Court
For the District of New Jersey
50 Walnut Street, #4015
Newark, New Jersey 07102

    Re: Verified Complaint
        **JEFFREY M. BISCHOFF v. THE TRAVELERS COMPANY INC. a/k/a TRAVELERS; ST. PAUL PROTECTIVE INSURANCE COMPANY; COMPARIAN INSURANCE AGENCY; JOHN and JANE DOES 1-100**

Dear Clerk:

    Enclosed please find and original and three (3) copies of a verified complaint for the above referenced matter.

    I have enclosed a check in the amount of $400 for the filing fee, along with a pre-paid, self-addressed USPS Priority Mail envelope to return the filed copies.

    Thank you for your consideration in this matter.

Respectfully submitted,

Jeffrey M. Bischoff



JEFFREY M. BISCHOFF
86 PARK AVENUE
EMERSON, NJ 07630
201-523-0121
cjbisch@verizon.net
Plaintiff, Pro Se

| | |
|---|---|
| JEFFREY M. BISCHOFF,<br><br>        Plaintiff,<br>v.<br><br>THE TRAVELERS COMPANY INC.<br>a/k/a TRAVELERS; ST. PAUL<br>PROTECTIVE INSURANCE<br>COMPANY; COMPARIAN<br>INSURANCE AGENCY; JOHN and<br>JANE DOES 1-100,<br><br>        Defendant(s). | **UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY**<br><br>**CASE NO.**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. In this action, Plaintiff JEFFREY M. BISCHOFF seeks damages from Defendant(s) THE TRAVELERS COMPANY INC. a/k/a TRAVELERS; ST. PAUL PROTECTIVE INSURANCE COMPANY; COMPARIAN INSURANCE AGENCY; JOHN and JANE DOES 1-100 under New Jersey and United States tort law.

2. The Defendant(s) represented the Plaintiff JEFFREY M. BISCHOFF as an insurance carrier on one or more of the Plaintiff's legally registered motor vehicles.

3. One of the Plaintiff JEFFREY M. BISCHOFF's legally registered motor vehicles – a newly purchased Ford F-150 - was stolen.

4. The Plaintiff JEFFREY M. BISCHOFF's insurance policy covered theft. However, Defendant(s) refused to process and pay off the loss incurred by the Plaintiff.

5. The Plaintiff JEFFREY M. BISCHOFF brings this action for committed acts of breach of contract, breach of fiduciary responsibility, consumer fraud.

## PARTIES

6. Plaintiff JEFFREY M. BISCHOFF is a resident of the Borough of Emerson, County of Bergen, State of New Jersey.

7. Upon information and belief, the Defendant THE TRAVELERS COMPANY INC. a/k/a TRAVELERS has offices at 485 Lexington Avenue, Room 400, New York, NY 10017.

8. Upon information and belief, the Defendant ST. PAUL PROTECTIVE INSURANCE COMPANY has offices at 385 Washington Street, St. Paul, MN 55102.

9. Upon information and belief, the Defendant COMPARIAN INSURANCE AGENCY has offices at 28 Liberty Street, New York, NY 10005.

## JURISDICTION AND VENUE

10. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331, 1332, 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that give rise to this action occurred within this District and one of the Parties resides within this district.

12. This Court must have subject matter jurisdiction. The Parties involved are in multiple states and the amount of damages are substantial.

## FACTUAL ALLEGATIONS

13. On or about March 21, 2024, Plaintiff JEFFREY M. BISCHOFF purchased a 2017 Ford F-150 Raptor, the vehicle that is the subject of this matter.

14. On or about March 22, 2024, Plaintiff JEFFREY M. BISCHOFF confirmed with the State of New Jersey's DMV in Wallington that the title was valid and clear, and then registered the vehicle with the State of Florida's DMV and received temporary Florida tags, in order to expedite the transfer. (**EXHIBIT A**).

15. On or about March 22, 2024, Plaintiff JEFFREY M. BISCHOFF received confirmation of coverage with Travelers. **(EXHIBIT B)**. The vehicle was parked directly in front of the Plaintiff's home. **(EXHIBIT C)**.

16. On or about March 28, 2024, Plaintiff JEFFREY M. BISCHOFF realized the vehicle was stolen.

17. On or about March 28, 2024, Plaintiff JEFFREY M. BISCHOFF reported the vehicle as stolen to the police. **(EXHIBIT D)**.

18. On or about March 28, 2024, Plaintiff JEFFREY M. BISCHOFF reported the theft to Travelers.

19. On or about June 19, 2024, Plaintiff JEFFREY M. BISCHOFF was told that the claim was denied.

20. On or about August 24, 2024, after several requests, Plaintiff JEFFREY M. BISCHOFF was finally in receipt of letter denying claim. **(EXHIBIT E)**.

21. The Plaintiff JEFFREY M. BISCHOFF purchased the vehicle legally and in good faith.

22. The Plaintiff JEFFREY M. BISCHOFF registered the vehicle legally and in good faith with Florida's Department of Motor Vehicles.

23. The Plaintiff JEFFREY M. BISCHOFF had every reason to rely on the New Jersey's Division of Motor Vehicles to have confirmed a clear title for which to register the vehicle in good faith.

24. The Plaintiff JEFFREY M. BISCHOFF contracted with the Defendant(s) to insure the vehicle in good faith.

25. The Defendant(s) maintains no right to deny the Plaintiff JEFFREY M. BISCHOFF a claim in this matter simply by common law.

26. The Defendant(s), if they have an issue, their issue is not with the Plaintiff JEFFREY M. BISCHOFF, but with the government agencies that confirmed clear title of the vehicle.

## COUNT ONE
## BREACH OF CONTRACT

27. Plaintiff JEFFREY M. BISCHOFF re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

28. Defendant willfully, intentionally, and recklessly breached a contract with the Plaintiff. Plaintiff JEFFREY M. BISHOFF legally, and in good faith, purchased a vehicle, confirmed clear and valid title with the New Jersey Division of Motor Vehicles, and registered it with the Florida Division of Motor Vehicles, and contracted for it to be insured by the Defendant(s).

29. Plaintiff JEFFREY M. BISCHOFF had every reason to rely on that contract, the policy paid for by the Plaintiff.

30. On Page 3, Section 4, Subsection F of the policy issued by the Defendant(s) it clearly states Comprehensive, Actual Cash Value less $100 deductible. There are no modifications to the policy, specifically, no changes to supersede that term of the policy.

31. The Defendant(s)' actions have caused the Plaintiff to be harmed.

32. As a direct and proximate result of this malicious and conscious wrongful action, the Plaintiff JEFFREY M. BISCHOFF has suffered serious financial harm, and is entitled to damages from the Defendant, including punitive damages, to be determined at trial.

## COUNT TWO
## BREACH OF FIDUCIARY DUTY

33. Plaintiff JEFFREY M. BISCHOFF re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

34. Plaintiff JEFFREY M. BISCHOFF had every reason to rely on the terms of the policy paid for by the Plaintiff.

35. The Defendant(s)' breached their fiduciary duty by refusing to process and make good on the claim made by the Plaintiff JEFFREY M. BISCHOFF with regard to the theft of the vehicle that is the subject of this matter.

36. The Defendant's breach of duty directly and proximately caused the Plaintiff to suffer severe financial damage.

37. As a direct and proximate result of this malicious and conscious wrongful action, the Plaintiff JEFFREY M. BISCHOFF has suffered serious financial harm, and is entitled to damages from the Defendant, including punitive damages, to be determined at trial.

## COUNT THREE
## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD

38. Plaintiff JEFFREY M. BISCHOFF re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

39. The Defendant(s) willfully and purposefully, violated the New Jersey Consumer Fraud Act. The Defendant(s) sold the Plaintiff JEFFREY M. BISCHOFF a policy, with language that was clear and intelligible for a lay person. The Plaintiff bought into that promise stated on Page 3, Section 4, Subsection F of the policy which states "Comprehensive, Actual Cash Value less $100 deductible." If that was a false statement, which it clearly has become, the Defendant(s) are guilty of committing a fraud upon the consumer which, in this case, is the Plaintiff JEFFREY M. BISCHOFF.

40. The Defendant(s)' actions has caused severe financial harm.

41. As a direct and proximate result of this malicious and conscious wrongful action, the Plaintiff JEFFREY M. BISCHOFF has suffered serious financial harm, and is entitled to damages from the Defendant, including punitive damages, to be determined at trial.

## LEGAL ARGUMENTS

**I.** Under New Jersey law, the first step in interpreting an insurance contract is to "examine the plain language of the policy," and "if the terms are clear, they 'are to be given their plain, ordinary meaning.'" Pizzulo v. N.J. Manuf. Ins. Co., 196 N.J. 251, 270 (2008) (quoting Zacarias v. Allstate Ins. Co., 168 N.J. 590, 595 (2001)). The emphasis on the plain language of the statute is an acknowledgement that "courts should interpret the policy as written and avoid writing a better insurance policy than the one purchased." *Id.* (quoting President v. Jenkins, 180 N.J. 550, 562 (2004)). If the contract contains an ambiguity, then it should be interpreted "to comport with the reasonable expectations of the insured, even if a close reading of the written text reveals a contrary meaning." *Id.* at 270-71 (quoting Zacarias, 168 N.J. at 595).

On Page 3, Section 4, Subsection F of the policy issued by the Defendant(s) it clearly states Comprehensive, Actual Cash Value less $100 deductible.

**II.** Defendant(s) established a fiduciary duty to Plaintiff by: "[i]nforming insureds that they are in 'good hands' and can repose trust in" defendant; maintaining "superior knowledge" of its practices on paying replacement value; and promising to conform the contract to state law. Defendant breached this duty through a "pattern and practice of breaching their obligations under the policies," thus "depriv[ing] and cheat[ing]" Plaintiff of the coverage for which he paid.

The Defendant(s) clearly had a fiduciary duty to pay the Plaintiff "Actual Cash Value less $100 deductible" but steadfastly refused.

**III.** A claim under the New Jersey Consumer Fraud Act ("CFA") consists of three elements: "(1) an unlawful practice, (2) an 'ascertainable loss,' and (3) 'a causal

relationship between the unlawful conduct and the ascertainable loss.'" Gonzalez v. Wilshire Credit Corp., 207 N.J. 557, 576 (2011) (quoting Lee v. Carter-Reed Co., 203 N.J. 496, 521 (2010)). Defendant violated the CFA through "misleading, egregious and deceptive actions . . . in refusing to process Plaintiff's claims for replacement costs. The CFA provides that it is an "unlawful practice" for a party to engage in "[t]he act, use or employment . . . of any unconscionable commercial practice." N.J.S.A. 56:8-2.

The Defendant(s) clearly had a contractual obligation to pay the Plaintiff "Actual Cash Value less $100 deductible" but steadfastly refused to honor the contract, the policy, sold to the Plaintiff which is consumer fraud.

## DECLARATION

Plaintiff declares that he is not an expert in the law but that he does know right from wrong and intends no one harm by his word or deed. Therefore, if any human being is damaged by any statement(s) herein and informs Plaintiff of the facts, he will sincerely make every effort to amend his allegations. Plaintiff hereby reserves the right to amend and make amendment to this document as necessary in order that the truth may be ascertained and proceedings justly concluded. If a party given notice by means of this document has information that would controvert and overcome this affidavit, he/she is respectfully requested to advise Plaintiff IN WRITTEN AFFIDAVIT FORM, sworn/affirmed true, correct, complete, and not misleading upon the Affiant's full commercial liability, within thirty (30) days from the receipt hereof, if Affiant can prove with particularity, by stating all requisite, evidentiary facts and all requisite, actual law – not mere ultimate facts and conclusions of law – that Plaintiff's declarations herein are substantially and materially false, sufficiently to alter materially their status and factual statements. Silence stands as consent to, and tacit approval of, the factual declarations herein being established as matters of law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays this court to enter judgments against Defendant, as follows:

    A. For Declaratory Judgment;

    B. For Statutory Damages in an amount to be proven at trial;

    C. For Punitive Damages in an amount to be proven at trial;

    D. For Compensatory Damages in an amount to be proven at trial; and

    E. For such other further relief as the court may deem just and proper.

Dated: September 10, 2024

_____
JEFFREY M. BISCHOFF, PLAINTIFF